UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JAN 4 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

DIGITAL MOTORWORKS, INC, : Case No.:
a Delaware corporation :
      Plaintiff, :
: **A08CA014 SS**
vs. :
:
CREDIT ACCEPTANCE CORPORATION, a :
Michigan corporation, :
      Defendants :
:

**Plaintiff's Original Complaint**

**To the Honorable United States District Court:**

Digital Motorworks, Inc., a Delaware corporation with its principal place of business in Texas ("DMI"), submits this Complaint which seeks relief from Credit Acceptance Corporation, a Michigan Corporation with its principal place of business in Michigan ("CAC"), and respectfully alleges:

    1.    DMI is a Delaware corporation, which is the successor by merger of Digital Motorworks, LP, a Texas limited partnership, in that both the general and limited partner of Digital Motorworks, LP have been merged into DMI. DMI has its principal place of business in Austin, Texas.

    2.    CAC is a Michigan corporation with its principal place of business in Southfield, Michigan.

    3.    Subject matter jurisdiction in this matter is based upon diversity jurisdiction pursuant to 28 U.S.C. 1332. The amount in controversy in this breach of contract matter exceeds $200,000. This Court has personal jurisdiction over the Defendant pursuant to Section 17.42 of

the Texas Civil Practice and Remedies Code because significant contacts relating to the contract in question arose in Texas, including performance of the contract in question and communications about the contract in question. The Defendant purposefully availed itself of the benefits of this forum state.

4. Defendant may be served with process through service upon its registered agent for service of process.

5. Venue is proper in this district and division pursuant to 28 U.S.C. 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas, Austin division. DMI operates in the Western District of Texas and performed contractual matters pursuant to the contract in this district and division.

6. DMI develops products which collect automotive industry data.

7. DMI and CAC entered into an agreement as of December 20, 2006 termed an InfoIQ Service Agreement ("Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit "A" and incorporated herein for all purposes. A true and correct copy of the InfoIQ Statement of Work is attached hereto as Exhibit "B" and incorporated herein for all purposes.

8. DMI performed all covenants and conditions of this Agreement and all conditions precedent to suit in this matter.

9. CAC committed numerous breaches of the contract. These breaches include, but are not limited to, the following:

    A. Failure to pay sums due under the agreement;

    B. Wrongful repudiation of the agreement;

    C.    Failure to perform duties imposed by the agreement to assist in the transition to DMI;

    D.    Tendering inadequate payments under the agreement; and

    E.    Interfering with DMI's performance of the agreement.

10.    CAC caused the following damages through its wrongful conduct:

    A.    Damages for past due contractual sums: $57,500;

    B.    Damages for sums due as a result of the wrongful unilateral early termination of the agreement: $159,195, calculated based upon the sums due through the end of the contract in revenue, less the cost avoided by DMI as a result of the termination;

    C.    attorneys' fees and costs; and

    D.    pre-judgment and post-judgment interest.

DMI made demand sufficient under Section 38.001 of the Texas Civil Practice and Remedies Code, and seeks recovery of its attorneys' fees as permitted by the contract, and also as permitted by statute from thirty days from the demand.

### First Cause of Action—Breach of Contract

11.    Paragraphs 1-10 are incorporated herein by reference for all purposes.

12.    DMI sues CAC for breach of contract. DMI has been damaged in the amount of $216,695. DMI also seeks pre-judgment interest, post-judgment interest, costs and attorneys' fees.

### Second Cause of Action—Unjust Enrichment

13.    DMI realleges and incorporates herein Paragraphs 1 through 12 of this Complaint.

14. DMI expended sums and provided services to CAC for which CAC and DMI expected that DMI would be paid. DMI's position is that an express contract exists between the parties which defines CAC's obligations to DMI.

15. This alternative count for unjust enrichment seeks relief in the alternative in the unlikely event that the agreement is held unenforceable for any reason.

16. In this event, DMI seeks to recover for the value of the services it performed and restitution of the sums it expended in installing its product, in an unliquidated amount to be shown at trial in excess of $75,000.

Wherefore, premises considered, Digital Motorworks, Inc. seeks judgment from Credit Acceptance Corporation for:

 A. Actual damages of $216,695;

 B. Pre-judgment and post-judgment interest;

 C. Attorneys' fees; and

 D. Costs of suit;

as well as all other just and equitable relief.

        Respectfully Submitted,

        By: _____
        Robert H. Nunnally, Jr.
        TX SBN 15141600
        Wisener ✶ Nunnally ✶ Gold, L.L.P
        625 W. Centerville Road, Suite 110
        Garland, Texas 75041
        Phone: 972 840 9080
        Facsimile: 972 840 6575
        E mail: robert@wnglaw.com